(18 Misc. Rep. 254.)

INCE et al. v. WEBER et al.

(Supreme Court, Appellate Term, First Department.   October 29, 1896.)

CONTRACTS—NOTICE OF TERMINATION—EVIDENCE.
   The giving of the required notice so as to terminate a contract of em-
   ployment is not conclusively shown by an admission that the employé,.
   shortly before the contract would have expired by its terms, sought other
   employment.

   Appeal from Ninth district court.

   Action by John E. Ince and wife against Louis Weber and Joseph
Field to recover damages for the wrongful discharge of plaintiffs
from defendants' theatrical company. There was a judgment in
favor of plaintiffs, and defendants appeal. Affirmed.

   The contract was as follows:

                                        "New York, January 14th, 1896.

   "Mr. and Mrs. John E. Ince: We hereby engage you to join our 'Trolley
Party Company' for a season of nine weeks or longer, commencing on or about
March 1st, at a salary of $77.75 weekly, railroad fares and transportation
and baggage. We also agree to pay your fares from New York to starting
point. This engagement to be subject to all rules and regulations of the
company. It is also understood that you will rehearse one week prior to
your opening, without any claim for salary for the same.
   "Yours, truly,                    ·                Weber & Field.
   "Accepted by Weber & Field."

   Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

   Charles L. Hoffman and Samuel Hoffman, for appellants.
   James F. Miliken, for respondents.

   DALY, P. J.  The judgment was for a sum equal to one week's
salary, on the ground that plaintiffs were discharged without right,
before the termination of the agreement; and the question of fact in
the case was whether they received two weeks' notice of the termi-
nation of the contract, under an alleged custom in the theatrical
business that engagements should be terminated upon such notice.
The judgment is attacked for alleged errors of the trial justice in
the admission and exclusion of evidence, but we find none which
calls for reversal. The objection to the contents of the posted no-
tice or paper styled the "Theatrical Call" was not specific. Any
error in disallowing the question put to the plaintiff John E. Ince,.
upon cross-examination, as to what, in his experience, was the mean-
ing of the theatrical expression "subject to rules and regulations"
when used in contracts of employment, was cured when he was al-
lowed afterwards to answer the question. The appellant claims
that he should have been allowed to have an answer in order to show
that the phrase signified that the contract was terminable upon
two weeks' notice from either party. That he was not prejudiced
by the temporary exclusion of the evidence is clear, because, after
a few intervening questions, the question was asked: "You testify
here, as I understand you, that there is no custom with respect to
notice being given or received under this contract. Is that so?"—
to which the witness replied: "Yes." The appellant would have
been in no better position had his question as first asked been al-

lowed. As to whether the judgment was against the weight of evidence, we fail to see in the record sufficient reasons for ordering a new trial upon the facts. It was on Saturday night, May 2d, while the company was playing in Philadelphia, that the defendants notified them that the season was to close then and there. Plaintiffs had then been playing eight weeks, and one week remained of the contract. Mrs. Ince testified that she had not received any previous notice of the close of the season, but inasmuch as she admitted that, the week before, she had written to try and secure other employment, it is argued that she must then have had such notice. The inference would be plausible if it were not for the fact that the contract of nine weeks had then but a week and some days to run, and that her writing at that time is consistent with an effort to get employment after the nine weeks, and was without reference to an earlier termination of the contract.

Judgment affirmed, with costs. All concur.